

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00282-CR

MAE L. FRANCIS                                                          APPELLANT
A/K/A MAY L. FRANCIS

V.

THE STATE OF TEXAS                                                          STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

On July 1, 2011, as part of a plea bargain agreement, Appellant Mae L. Francis a/k/a May L. Francis pleaded guilty to prostitution, and the trial court sentenced her to six months' confinement in state jail. Also on July 1, 2011, the trial court certified that this is a plea bargain case, that Appellant has no right to appeal, and that Appellant has waived the right to appeal. On July 11, 2011,

----

[1]See Tex. R. App. P. 47.4.

Appellant filed a notice of appeal. On July 12, 2011, we notified Appellant's counsel that the trial court's certification, which indicates that Appellant has no right to appeal and that Appellant has waived her right to appeal, had been filed in this court, and that this appeal could be dismissed unless Appellant or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal on or before July 22, 2011. *See* Tex. R. App. P. 25.2(d), 44.3. To date, we have received no response showing any grounds for continuing the appeal. On July 29, 2011, Appellant's counsel filed a motion to withdraw.

Rule 25.2(a)(2) limits the right of appeal in a plea-bargain case to matters that were raised by written motion filed and ruled on before trial or to cases in which the appellant obtained the trial court's permission to appeal. Tex. R. App. P. 25.2(a)(2). The trial court's certification denied permission to appeal, but Appellant's notice of appeal asserts that the matters to be addressed in her appeal were raised by written motion and ruled on before trial. However, the court of criminal appeals has held that a valid waiver of appeal will prevent a defendant from appealing without the consent of the trial court. *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). The record shows that Appellant and her counsel signed a "Written Waiver of Defendant – Joined by Attorney" which stated, "I give up and waive any and all rights of appeal in this case." Because Appellant has waived her right to appeal and no one has responded to our July 12, 2011 letter requesting grounds for continuing the appeal, we dismiss

2

this appeal.  *See* Tex. R. App. P. 25.2(d), 43.2(f).  Because of our disposition of this appeal, counsel's motion to withdraw is denied.  *See* Tex. Code Crim. Proc. Ann. art. 26.04(j)(2) (West Supp. 2010); Tex. R. App. P. 48.4.

PER CURIAM

PANEL:  GABRIEL, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 15, 2011